UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEST BRANDS CONSUMER PRODUCTS INC., <br><br> Plaintiff, <br><br> v. <br><br> CA CITIZEN PROTECTION GROUP, LLC, <br><br> Defendant. | Civil Action No. <br><br><br> (JURY TRIAL DEMANDED) |

# COMPLAINT

Plaintiff Best Brands Consumer Products, Inc. ("Plaintiff" or "Best Brands"), by its attorneys, hereby complains of Defendant CA Citizen Protection Group, LLC ("CPG" or "Defendant") and alleges as follows, upon actual knowledge with respect to itself and its own acts, upon information and belief as to all other matters:

## INTRODUCTION

1. Best Brands brings this action seeking declaratory judgment that its Bath Suction Caddy ("the Product") does not violate California's Proposition 65 ("Prop65" or "Proposition 65"), also called the Safe Drinking Water and Toxic Enforcement Act, and in specific, does not contain an unsafe level of DEHP/Phthalate.

2. Best Brands sent the Product to Consumer Testing Laboratories, Inc. ("the Lab"), to test for levels of Phthalate in light of Prop65. The lab results show that the contents of Phthalate in the Product did not violate Prop65. The analytic chemistry report is attached as Exhibit A.

3. To date, Defendant has still not produced its lab testing results of Plaintiff's product substantiating any unsafe levels of DEHP/Phthalate.

4. Best Brands also seeks damages for Defendant's tortious interference with Best Brands' business relationships, specifically, with TJMaxx.

## THE PARTIES

5. Plaintiff Best Brands is a New York corporation having its principal place of business at 25 Merrick Avenue, Suite 2, Merrick, New York 11566.

6. Upon information and belief, Defendant CA Citizen Protection Group, LLC is a corporation organized and existing under the laws of the State of California having a principal place of business at 11755 Wilshire Blvd. Suite 1250 (PMB #309), Los Angeles, CA 90025.

## JURISDICTION AND VENUE

7. This is an action arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has jurisdiction over the federal claims of this action pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9. This Court has personal jurisdiction over Defendant and venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because Defendant has engaged in acts directed to the State of New York, including in this judicial district. Defendant sent a "Notice of Violations" letter to Best Brands into this district in New York threatening suit (Exhibit B hereto).

## FACTS

10. Best Brands is a company that sells consumer products.

11.     Best Brands has sold the Product to TJMaxx for sale to customers in the United States.  An image of the Product is attached hereto as Exhibit C.

12.     To date, Defendant has engaged in communications with Best Brands in which Defendant has alleged that Best Brands' product violates Prop65.

13.     This includes a letter dated October 16, 2019 which is a "60 day notice of intent to sue for violations of the Safe Drinking Water and Toxic Enforcement act of 1986".

14.     Defendant has falsely alleged that sales of the Product in California constitutes violation of Prop65 and has threatened to bring a lawsuit against Best Brands for the same.

15.     Defendant has yet to provide Best Brands with lab results supporting its false allegations against Best Brands that it violates Prop65.

16.     As a result of Defendant's threats of litigation and the circumstances surrounding those threats, an actual, present, and justiciable controversy has arisen between Best Brands and Defendant regarding Best Brands' sale of the Product.

## PLAINTIFF'S NON-VIOLATION OF PROPOSITION 65

17.     Best Brands has been accused by Defendant of violating California's Proposition 65, also called the Safe Drinking Water and Toxic Enforcement Act.

18.     Defendant has thus far provided Best Brands with no documentation substantiating any violation of Prop65.

19.     Best Brands sent the Product for independent testing for levels of DEHP/Phthalate to the Lab.

3

20. The Lab test results confirmed that, in fact, there are no unsafe levels of DEHP/Phthalate contained in the Product.

21. Best Brands' product has not violated Proposition 65.

22. Defendant has maliciously threatened suit against Best Brands to wrongfully extort money from Best Brands for no reason and without any lawful basis for these allegations against Best Brands.

**DEFENDANT'S TORTIOUS INTERFERENCE WITH PLAINTIFF'S BUSINESS RELATIONSHIP**

23. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

24. Plaintiff sells its product in T.J. Maxx (and Marshalls) with which it has a business relationship.

25. Defendant has directly contacted this retailer, by sending the October 16th Notice, and disrupted sales of the Product.

26. Defendant has therefore taken steps to interfere with Best Brands' relationship with its retail customer.

27. Defendant's actions are intended to interfere with Plaintiff's sales and its relationship with T.J. Maxx.

28. Upon information and belief, Defendant's interference was done with malice.

29. Upon information and belief, Defendant's interference was done without lawful justification.

30. Upon information and belief, Defendant's interference has caused damage to Plaintiff Best Brands.

## COUNT I

### (Declaration of Non-Violation of Proposition 65)

31. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

32. Defendant has asserted that Best Brands' sale of the Product violates Proposition 65 due to unsafe levels of DEHP/Phthalate and has threatened to bring a lawsuit against Best Brands.

33. An actual, present, and justiciable controversy has arisen between Defendant and Best Brands concerning Best Brands' manufacturing and sale of the Product.

34. Best Brands had an independent lab test the Product and it "passed" the test, meaning that it did not have an unsafe level of DEHP/Phthalate. As such, the Product does not violate Prop65.

35. To date, Defendant has not produced any evidence of its alleged lab test results.

36. Best Brands seeks declaratory judgment that sale of the Product does not violate Proposition 65.

37. Best Brands reserves the right to amend its allegations and/or this Complaint to add any further defenses once further discovery has been conducted in this matter.

## COUNT II

### (Defendant's Intentional Interference with Plaintiff's Business Relationship under New York Law)

38. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

39. Plaintiff has a business relationship with T.J. Maxx as it supplies products to T.J. Maxx for retail sale.

40. Plaintiff has a protectable right in its relationship with T.J. Maxx, among other retail customers.

41. Defendant knew of this relationship and intentionally interfered with it by sending the October 16th Notice letter directly to T.J. Maxx.

42. Upon information and belief, Defendant has intentionally interfered with that right, and has done so with malice.

43. Upon information and belief, Defendant acted improperly and notified T.J. Maxx of its false accusations against Best Brands without any support or justification.

44. Upon information and belief, Defendant has interfered in order to cause damage to Plaintiff Best Brands' relation business relationship with its customer T.J. Maxx.

45. This interference by Defendant in fact did caused injury to the relationship with T.J. Maxx.

46. Upon information and belief, Defendant's interference will cause a loss to Best Brands.

47. Defendant's actions constitute tortious interference with business relationship.

## COUNT III

### (Defendant's Intentional Interference with Prospective Economic Advantage under California Law)

48. Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

49. There existed an economic relationship between Best Brands and T.J. Maxx which was beneficial to Best Brands.

50. Defendant had knowledge of this relationship between Best Brands and T.J. Maxx as shown by their serving the October 16th Notice on both parties.

51. Defendant committed wrongful conduct by sending this Notice letter directly to T.J. Maxx, the retailer and client of Best Brands.

52. Defendant knew that this would disrupt the economic relationship between Best Brands and T.J. Maxx because of their conduct.

53. In fact, there was a disruption of the relationship due to this Notice letter sent to T.J. Maxx by Defendant regarding Best Brands' Bath Suction Caddy product sold at T.J. Maxx.

54. Best Brands was harmed by these acts.

55. The wrongful acts by Defendant directly caused this harm to Best Brands.

56. Defendant's acts constitute intentional interference with economic advantage.

## COUNT IV

### (Defendant's Intentional Interference with a Contractual Relationship under California Law)

57.     Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

58.     A working contract existed between Plaintiff and T.J. Maxx.

59.     Defendant clearly knew about this contractual relationship.

60.     Defendant engaged in conduct, specifically sending the Notice letter of October 16th, which hindered performance of the contract and complicated the working relationship between Plaintiff and T.J. Maxx.

61.     Defendant knew that this would be a likely result to its actions.

62.     This act harmed Plaintiff Best Brands.

63.     It was Defendant's conduct that directly caused this harm.

64.     Defendant's acts constitute intentional interference with a contractual relationship.

## COUNT V

### (Declaration of Lack of Damages to Defendant)

65.     Best Brands repeats and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

66.     Best Brands seeks declaratory judgment that Defendant has no claim for monetary damages from Best Brands' alleged activities because the Product does not contain unsafe levels of DEHP/Phthalate and is not unsafe for consumers.

## **PRAYER FOR RELIEF**

WHEREFORE, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Best Brands prays for relief as follows:

A.    Judgment declaring that Best Brands and its affiliates and related companies and their customers and suppliers have the right to use, sell, offer for sale the Bath Suction Caddy product, and that Plaintiff Best Brands' product does not violate Proposition 65.

B.    Judgment awarding Best Brands its damages for Defendant's tortious interference with Best Brands' business relationships under New York Law.

C.    Judgment awarding Best Brands its damages for Defendant's intentional interference with prospective economic advantage under California Law.

D.    Judgment awarding Best Brands its damages for Defendant's intentional interference with a contractual relationship under California Law.

E.    Judgment awarding such other relief as this Court may deemed just and proper.

Dated: January 30, 2020                         */s/ Lee A. Goldberg*

Lee A. Goldberg
Morris E. Cohen
Limor Wigder
GOLDBERG COHEN LLP
1350 Avenue of the Americas, 3rd Floor
New York, New York 10019
(646) 380-2087 (phone)
(646) 514-2123 (fax)
LGoldberg@GoldbergCohen.com
MCohen@GoldbergCohen.com
LWigder@GoldbergCohen.com

9